**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20296-CR-MARTINEZ**

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.

JOSHUA DAVID NICHOLAS,

    Defendant,

_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO RETURN GARNISHED ASSETS BACK TO DEFENDANT**

Plaintiff, the United States of America, by and through the undersigned Assistant United States Attorney, hereby responds in opposition to Defendant's Motion to Return Garnished Assets Back to Defendant because the assets were properly garnished and applied to the Defendant's outstanding restitution judgment.  In support thereof, the United States asserts the following:

## I.      FACTUAL BACKGROUND

1. On November 29, 2022, a Judgment was imposed against the defendant for his convictions for conspiracy to commit securities fraud in violation of 18 US.C. § 371 and conspiracy to commit international money laundering in violation of 18 U.S.C. § 1956(h) sentencing the Defendant to 51 months imprisonment and restitution was to be determined.  ECF No. 48.  On March 7, 2023, an Amended Judgment in a criminal case was entered requiring the defendant to pay restitution in the amount of $3,379,527.18 and leaving all other terms intact.  ECF No. 57.  Both the Judgment and the Amended Judgment specifically state after the imposition of the payment schedule that, "These payments do not preclude the government from using other

assets or income of the Defendant to satisfy the restitution obligation." See ECF No. 48 @ page 6 of 7 and ECF No. 57 @ page 6 of 8.

2.      On April 16, 2024, the United States filed an Ex Parte Motion for Writ of Garnishment directed to Garnishee, Fidelity Investments. ECF No. 68. The same day, the Clerk of Court issued the Writ of Garnishment. ECF No. 69.

3.      On May 13, 2024, Fidelity Investments filed its Answer to the Writ of Garnishment reporting that Fidelity Management Trust Company held a Roth IRA account registered to Joshua Nicholas containing cash securities with a net worth of $60,741.00 and noted that the account value could fluctuate in accordance with market conditions. ECF No. 73.

4.      On May 21, 2024, the United States file its unopposed Motion for Disposition of Defendant's Non-Exempt Interest in Property Identified by the Garnishee after consulting with and obtaining consent from the Defendant's attorney, Kawa Foad, Esquire. ECF No. 75.

5.      On the same date, this Court entered an Order of Disposition directed to Fidelity Investments through Fidelity Management Trust Company to liquidate 100% of the Roth IRA registered to Joshua David Nicholas less any mandatory withholding required by the IRS and deposit the money in the Court's restitution fund to be applied to the Defendant's outstanding restitution judgment. ECF No. 76.

6.      On June 12, 2024, the Clerk of Court filed a receipt for restitution payment received in the amount of $71,638.61 from Fidelity Brokerage Services, the Garnishee. ECF No. 77.

7.      On January 17, 2025, the defendant filed the instant Motion to Return Assets Back to Defendant arguing that the Defendant did not work a UNICOR job, but did comply with making $25 quarterly payments, he was not notified of the Writ of Garnishment, and the government took incorrect steps to change the payment schedule and thereby violated it.

2

## II.   LEGAL ARGUMENT

**A.   The funds the Defendant seeks to get back are not exempt from enforcement pursuant to federal law.**

Title 18 U.S.C. § 3613, contained in Subchapter B of Chapter 229, "Post sentence Administration" is entitled "Civil Remedies for satisfaction of an unpaid fine", and provides that the United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under federal law or state law.  Section 3613 is made applicable to orders of restitution through sub-section (f).  Section 3613 provides that, notwithstanding any other federal law, a judgment may be enforced against all property or rights to property of the person fined with certain limited exceptions. 18 U.S.C. § 3613(a).  In other words, the government may enforce a criminal restitution judgment against all of a defendant's properties or rights to property that are not exempt from levy for taxes.

Those exceptions include property as set forth in 26 U.S.C. §§ 6334 (a)(1)-(8), (10) and (12) of the Internal Revenue Code of 1986.  Section § 3613(a), which applies to the enforcement of a criminal restitution judgment, recognizes **only** the following ten general categories of exemptions under 26 U.S.C. § 6334(a): (1) wearing apparel and school books; (2) fuel, provisions, furniture and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments[1]; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service

---

[1] The exempt annuity or pension payments are those under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code. See 26 U.S.C § 6334(a)(6). In the present case, the IRA Investment and Retirement Cash Management Account funds do not fall within this definition.

connected disability payments; and (10) assistance under Job Training Partnership Act. (Emphasis Added).

There are no exemptions from enforcement applicable to a Roth IRA such as the one at issue in this case.  The exemptions available for the defendant to claim are extremely limited. None of the exemptions contained within the federal statutes touch upon this type of investment retirement account.  The Defendant's attorney was provided the answer to the writ of garnishment from Fidelity and agreed to the disposition of the asset to be applied to restitution, thus the Defendant was aware  that the Writ of Garnishment was issued.  The Defendant had an interest in the account as it was registered to him, he had an outstanding restitution debt at the time the writ was issued and continues to owe on that debt and no exemptions applied to the asset.  Therefore, the account was properly garnished.

**B.      The payment schedule imposed by the Court does not prohibit the United States from seeking other assets to satisfy the Judgment.**

Nothing in the criminal restitution judgment prohibits the United States from seeking other assets to satisfy the judgment in addition to the court ordered payment schedule.  The statutes permit the United States to enforce the criminal restitution judgment by all other and reasonable means.  18 U.S.C. § 3664(m)(1)(A)(ii).  This includes enforcement in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law.  18 U.S.C. § 3613(a).  This circuit, among many others, has determined that periodic payment schedules provided for in a restitution order do not prohibit the government from other collection efforts.  *United States v. Robles*, 2013WL3778629 (S.D. Fla. July 18, 2013), *report and recommendation adopted*, No. 06–20286–CR, 2014 WL 129285 (S.D. Fla. January 14, 2014) (See 18 U.S.C. § 3613; *United States v. Ekong,* 518 F.3d 285, 286 (5th Cir.2007); *United States v.*

4

*Schwartz,* No. 1:09–CR–67, 2011 WL 1544624 (S.D.Ohio Jan.14, 2011) ("the UNICOR payment schedule does not prohibit garnishment during Schwartz's incarceration"), *report and recommendation adopted,* No. CR–1–09–67, 2011 WL 1526929 (S.D.Ohio Apr.21, 2011), *aff'd,* 503 F. App'x 443 (6th Cir.2012), *cert. denied,* —— U.S. ——, 133 S.Ct. 1612, 185 L.Ed.2d 596 (2013); *United States v. Miller,* 588 F.Supp.2d 789, 796–97 (W.D.Mich.2008); *United States v. James,* 312 F.Supp.2d 802, 807 (E.D.Va.2004)) ].

Consequently, the fact that the Defendant may have been compliant with the payment schedule does not mean that the United States could not garnish the asset. The government was not seeking to alter the payment schedule imposed in the amended judgment, it was merely enforcing the judgment against an asset in which the defendant had an interest. The judgment imposed against the defendant specifically provided that notwithstanding the imposed payment schedule, the government was not precluded from seeking other assets, such as the investment account at issue, or income of the Defendant to satisfy the restitution obligation.

### III.   Conclusion

The Defendant's Motion to Return Garnished Asset Back to Defendant should be denied. The type of account held by the Garnishee is not exempt from levy by the government pursuant to federal law, nor has defendant cited any other applicable federal exemption. Furthermore, the payment schedule imposed by the Court does not restrict the government from seeking other assets to satisfy the restitution judgment, including while the Defendant is still incarcerated.

WHEREFORE, for the aforementioned reasons, the United States respectfully requests

this honorable Court to deny the Defendant's Motion to Return Garnished Assets Back to

Defendant.

Respectfully submitted,

**HAYDEN P.  O'BYRNE**
**UNITED STATES ATTORNEY**

By: /s *Danielle N. Croke*
 Danielle N. Croke
 Assistant U.S. Attorney
 Florida Bar No. 0723258
 500 S. Australian Ave., 4th Floor
 West Palm Beach, FL  33402
 Telephone No.  (561) 209-1035
 Fax No. (561) 655-9785
 E-mail: Danielle.Croke@usdoj.gov

**CERTIFICATE OF SERVICE**

 **I HEREBY CERTIFY** that on January 31, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Danielle N. Croke*
Danielle N. Croke
Assistant U.S. Attorney

Joshua David Nicholas
Reg. No. 08943-510
FCI Coleman Low
P.O. Box 1031
Coleman, FL 33521
U.S. Mail

6