**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20296-CR-MARTINEZ**

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.

JOSHUA DAVID NICHOLAS,

    Defendant,

                                                    /

**UNITED STATES' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER**
**DENYING MODIFICATION OF RESTIUTION PAYMENT SCHEDULE**

Plaintiff, the United States of America, by and through the undersigned Assistant United States Attorney, hereby responds in opposition to Defendant's Motion for Reconsideration of Order Denying Motion to Modify Restitution Payment Schedule. In support thereof, the United States asserts the following:

**I.**        **FACTUAL BACKGROUND**

1.    On November 28, 2022, a Judgment was imposed against the Defendant for his conviction for conspiracy to commit securities fraud in violation of 18 US.C. § 371 sentencing him to 51 months imprisonment followed by three (3) years of supervised release and restitution to be determined. ECF No. 48. On March 6, 2025, an Amended Judgment in a criminal case was entered requiring the Defendant to pay restitution in the amount of $3,379,527.18 and leaving all other terms intact. ECF No. 57. To date, a total of $76,636.61 has been received and credited toward the judgment. However, the debt remains unsatisfied.

2.	The Amended Judgment specifically provides a payment schedule and states,

> Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of $3,379,527.18. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) **if the defendant does not work in a UNICOR job, then the defendant must pay a <u>minimum</u> of $25.00 per quarter toward the financial obligations imposed in this order**. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations. (Emphasis added).

"'Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'" *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (*quoting Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through – rightly or wrongly.'" *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "A motion for reconsideration is 'committed to the sound discretion of the district judge.'"

*Garcon v. United Mut. of Omaha Ins. Co.*, 779 Fed. Appx. 595, 600 (11th Cir. 2019) (citations omitted).

With the instant motion the Defendant seeks reconsideration of the Court's Order Denying Modification of Restitution Payment Schedule (ECF NO. 101).   Defendant argues for reconsideration, "to correct clear legal error and prevent manifest injustice." *Id*.   Courts in the Eleventh Circuit have substantial discretion when presented with a motion to reconsider premised on manifest injustice. *Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 698 (M.D. Ala. 1995) (internal citations omitted).  "[A] manifest injustice analysis requires a 'fact-specific' analysis that resides in the discretionary authority of the reviewing court." *Salinas v. Hart*, no. 15-167-HRW, 2020 WL 1560061, at *3 (E.D. Ky. Apr. 1, 2020). "The movant must be able to demonstrate that the underlying judgment caused them some type of injustice which could be avoided if the judgment were reconsidered. Essentially, the movant must be able to show that altering or amending the underlying judgment will result in a change in the outcome in their favor." *Harris v. Perry*, No. 2:12-CV-02668-STA-dkv, 2016 WL 5396701, at *3 (W.D. Tenn. Sept 27, 2016) (citations omitted).

Here, the Defendant is raising new arguments that could have been made in the original motion and were not which does not justify reconsideration.  He is also not presenting new evidence or presenting a change in the law that would warrant reconsideration.  There is no manifest injustice that has resulted from the Defendant being required to comply with the payment schedule that was set by the Court in his judgment and commitment.

Should the Court consider the Defendant's arguments, the Defendant has still not provided a basis for modification.   The Court imposed the Amended Judgment and set the payment schedule.  The Court did not delegate that function.  The payment schedule set specifically

3

provides that, if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations. In the instant matter, the Defendant has found gainful employment that enables him to pay more than $25 per month.  The payment scheduled clearly advises that the $25 per month is the minimum amount that should be paid if  the Defendant is not in a UNICOR job and here the defendant can pay more than that amount.  The Judgment specifically tasks the Bureau of Prisons with enforcing the Judgment along with U.S. Probation and the U.S. Attorney's Office during the life of the judgment.  The Bureau of Prisons staff has determined that Mr. Nicholas can pay more than the minimum $25 per month.

WHEREFORE, for the foregoing reasons, the undersigned respectfully requests this honorable Court to deny the Defendant's Motion for Reconsideration of Order Denying Motion to Modify Restitution Payment Schedule.

Respectfully submitted,

**HAYDEN P.  O'BYRNE**
**UNITED STATES ATTORNEY**

By: /s *Danielle N. Croke*
  Danielle N. Croke
  Assistant U.S. Attorney
  Florida Bar No. 0723258
  500 S. Australian Ave., 4th Floor
  West Palm Beach, FL  33402
  Telephone No.  (561) 2091-1035
  Fax No. (561) 655-9785
  E-mail: Danielle.Croke@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY that on this   <u>10th</u>   day of June, 2025 I electronically filed and e-served the foregoing document with the Clerk of the Court using CM/ECF.

*/s Danielle N. Croke*           
Danielle N. Croke
ASSISTANT UNITED STATES ATTORNEY
