**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-20296-CR-MARTINEZ

FILED BY ~NA~ D.C.

JUL 08 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**JOSHUA DAVID NICHOLAS,**

Defendant.

_____/

**Motion to Remove Mr. Kawa Foad & Represent himself *Pro Se* AND Modify conditions of Supervised Release to include Middle district of Florida & Southern District of Florida**

Defendant, Joshua David Nicholas, pro se, and respectfully moves this Court to remove Mr. Foad as Defendant's counsel and to provide notice of his *pro se* status AND include his travel restrictions to include the Middle District of Florida.

I. **FACTUAL BACKGROUND**

1.      On November 28, 2022, Mr. Nicholas was sentenced to 51 months of imprisonment for conspiracy of securities fraud. This offense was Mr. Nicholas's only run in with the justice department and he was given bond. While on bond he was permitted to travel in both the middle district and southern district of Florida given that he has no other criminal history or any history of violence and lives close to where the lines are drawn between the two districts.

2.      However, when reading the J & C Mr. Nicholas noticed that while on supervised release he is limited to only the southern district. However, given that he lives in Port St Lucie county

1

that borders the middle district he could accidently violate the supervised release condition simply by making a wrong turn. Previously, the court and government had no issue with Mr. Nicholas being permitted to travel to both districts. Therefore, to avoid any accidental violations given Mr. Nicholas's proximity to where the lines are drawn and past history, Mr. Nicholas requests the court to modify the travel restrictions to include the middle and southern districts of Florida.

3.      Secondly, Mr. Nicholas requests the court to formally remove Kawa Foad as Mr. Nicholas's attorney. Mr. Nicholas fired Mr. Foad over 2 years ago but Mr. Foad refused to remove himself. The actions taken by Mr. Foad after are currently being handled with a Florida bar complaint. Nevertheless, Mr. Foad after being fired went to great lengths to prevent Mr. Nicholas from putting in writing he was fired. Earlier this year Mr. Nicholas mailed a letter that was returned showing that he fired Kawa now 2 years ago and had that put on the docket.

4.      When Mr. Nicholas got out of prison 3 months ago, he fired Kawa again. Kawa refused to be fired. Then Mr. Nicholas showed in the CFTC case evidence of Kawa's drug abuse. After doing so Kawa finally agreed to remove himself as Mr. Nicholas's attorney in this case. Mr. Foad then emailed the DoJ asking if they were opposed[1].

5.      As the DoJ is already aware. They responded back to Kawa saying they do not oppose. That was now nearly 2 months ago. Yet, Kawa is refusing to remove himself as Mr. Nicholas's attorney. Mr. Foad is clearly playing games and doing everything he can to stay on Mr. Nicholas's case and the DoJ is fully aware of this now for nearly 2 months as well.

6.      Any prudent observer would be curious as to what Mr. Foad's motivation is in refusing to stop representing Mr. Nicholas *pro bono*. Mr. Nicholas is still contractually bound to share

---

[1] See Exhibit A

evidence with the government should they ask and Mr. Nicholas has no problem presenting such evidence. Such evidence would certainly answer any observer's curiosity. Mr. Nicholas is not trying to create any unnecessary drama or waste judicial resources. That said, the evidence makes a very strong case against Mr. Foad, but it would be inappropriate for Mr. Nicholas to present that case on the docket at this time.

## CONCLUSION

7.      Simply put Mr. Nicholas asks the court to do two things.

A. Modify conditions of supervised release to be travel limits to middle and southern district of Florida as was consistent with what he had during pre-trial on bond.

B. Remove Kawa Foad and let Mr. Nicholas represent himself *pro se*.

Respectfully submitted,

Josh Nicholas, MBA

Pro Se Defendant

141 NW 1st Ave

Dania Beach, FL 33004

joshuadavidn94@gmail.com

(772) 380-7618

Date: July 7, 2025

Signed —

7/8/2025

3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, a true and correct copy of the foregoing Motion

was emailed and mailed to:

Danielle N. Croke

Assistant U.S. Attorney

500 S. Australian Ave., 4th Floor

West Palm Beach, FL 33402

Email: Danielle.Croke@usdoj.gov

**Sara D. Hallmark**

Assistant United States Attorney

United States Attorney's Office

Email: **sara.hallmark@usdoj.gov**

**EXHIBIT A**

See page 5

4

*Exhibit A*



May 16, 2025