# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20296-CR-MARTINEZ

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**JOSHUA DAVID NICHOLAS,**

Defendant.

FILED BY _____ D.C.

AUG 20 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

_____/

### Reply to Government's Opposition in ECF 107

Defendant, Joshua David Nicholas, *pro se*, filles his reply to the government's opposition in ECF 107.

### BACKGROUND

In July 2022 the DoJ arrested Mr. Nicholas, and he was released on bond the same day. The travel condition was that he remain in the middle and southern districts of Florida given his proximate distance to the district lines. The court, the prosecutors, and Mr. Nicholas all agreed to those terms and the judge granted it. At that time Mr. Nicholas's co-defendants fled the country and still have yet to be captured 3 years later. Meanwhile, Mr. Nicholas did over 2 years in federal prison and is now seeking the same travel that the court granted before.

1

It appeared that no parties opposed Mr. Nicholas's motion as a month after the reply date was due no documents were put on the docket. However, after a month went by Mr. Nicholas put a notice of ripeness which prompted the prosecutors to confer with the Probation Officer. The Probation Officer then challenged the credibility of same exact argument the court accepted 3 years ago. From 2022 until 2025 the county lines have not changed. In fact, Mr. Nicholas now lives closer to the county lines now compared to before. Therefore, it appears that the only party that opposes the travel is the probation officer. Note that the probation officer makes no argument as to why travel to the middle district would somehow be against public safety etc. Simply, the PO has a position that contradicts the court's own ruling from 3 years ago. Since the PO made no argument about how Mr. Nicholas is somehow a threat in the middle district but not a threat in the southern district, Mr. Nicholas requests the court to not contradict itself as the whole purpose of the travel restriction was to make sure Mr. Nicholas didn' flee to avoid prison. However, Mr. Nicholas has done his time and has not proven himself a flight risk. Therefore, there is really no reason to deny the part of the motion to expand travel.

Finally, per federal rule of procedure 7.1 (c )(1) failure to reply within 14 days is considered a concession. About a month after the 14 day deadline is when the government replied. Simply based on procedure the court should not consider the government's opposition as the federal rules dictate concession. Furthermore, FR. CRIM 49 states that when something goes in court the other party has to serve the other party. In ECF 107 the government failed to properly serve the other party. Thus, based on the merits - the reply from the government would only force the court to contradict itself. Based on procedure – should not even be recognized.

2

Respectfully submitted,

Josh Nicholas, MBA                                           8/20/2025

Pro Se Defendant    2081 SE Ocean Blvd Suite 306 Stuart FL 34996

joshuadavidn94@gmail.com          (772) 380-7618

Date: August 20, 2025

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, a true and correct copy of the foregoing notice is emailed

to:

Lorinda Laryea – Government attorney

Lorinda.laryea@usdoj.gov

Mitchell Hyman – Government attorney

Mitchell.hyman@usdoj.gov

Sara Hallmark – Government attorney

Sara.hallmark2@usdoj.gov

Daniell Croke - Government attorney

Danielle.Croke@usdoj.gov

Yisel Valdes – Government Attorney

Yisel.valdes3@usdoj.gov