UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case No. 22-20296-CR-MARTINEZ**

UNITED STATES OF AMERICA,

v.

JOSHUA DAVID NICHOLAS,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

**THIS CAUSE** came before the Court upon Defendant's *pro se* Motion for Sentence Reduction Pursuant to § 3582(c)(2) ("Motion"), (ECF No. 80). After careful consideration, for the reasons stated herein, the Motion is **DENIED**.

Defendant requests that this Court modify his sentence pursuant to the zero-point offenders amendment. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2020); *see also* 18 U.S.C. § 3582(c). Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, in considering whether to grant a sentence reduction, a district court must undertake a two-step process. *See Dillon v. United States*, 560 U.S. 817 (2010). First, the court must determine whether the defendant is eligible for relief under section 3582(c)(2). *Id.* at 826–27. Second, the court must determine whether to exercise its discretion to reduce the defendant's

sentence after considering the factors set forth in 18 U.S.C. section 3553(a). *Id.* These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted disparities among defendants; (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

Although a court cannot reduce a defendant's sentence below the bottom of the amended guideline range, U.S.S.G. § 1B1.10(b)(2)(A), there is an exception for defendants who received a sentence reduction because of a U.S.S.G. § 5K1.1 or Rule 35(b) government motion. Under the relevant policy statement, "[i]f the term of imprisonment imposed was less than the term of imprisonment provided by the [original] guideline range" due to "a government motion to reflect the defendant's substantial assistance," a court may impose a "comparably less" sentence. U.S.S.G. § 1B1.10(b)(2)(B). Here, the bottom of the original guideline range was 70 months, and the Court imposed a 51-month sentence—a 27% decrease from the low end of the guidelines. The Court reached this sentence after granting the government's § 5K1.1/Rule 35 motion, which requested a 15% reduction from the statutory maximum 60 months' imprisonment. Thus, the Defendant may be eligible for a comparable reduction below the bottom of the amended guideline range, 57 months, which would be 41.5 months, or a reduction of 8.5 months imprisonment.

However, despite Defendant's eligibility, the § 3553(a) sentencing factors disfavor Defendant's early release. In particular, the nature and circumstances of Defendant's criminal conduct were serious, sustained, and extensive, resulting in significant financial loss to investors

2

around the world. Defendant clearly did not execute this scheme because of some unfortunate but momentary lapse of judgment; the conspiracy at issue went on for over a year, Defendant took many actions in furtherance of the conspiracy, and he benefitted personally. The 51-month sentence of imprisonment already reflects any possible mitigating circumstances to be considered about Defendant, including his acceptance of responsibility and assistance to the government. Therefore, this Court declines to exercise its discretion to further reduce Defendant's sentence.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion, (ECF No. 80), is **DENIED**.

2. Defendant's Motion to Urge this Court to Please Make a Ruling on the 821 Amendment As Soon As Possible, (ECF No. 86), is **DENIED AS MOOT**.

3. Defendant's Motion to Please Make a Decision About the 821 ASAP, (ECF No. 87), is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of November 2025.

Copies provided to:

All Counsel of Record

**RODOLFO A. RUIZ II for**
**JOSE E. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**

3