**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20296-CR-MARTINEZ**

UNITED STATES OF AMERICA,

v.

JOSHUA DAVID NICHOLAS,

      Defendant.

_____/

**OMNIBUS ORDER**

      **THIS CAUSE** is before the Court on Defendant Joshua David Nicholas's *pro se* Motion to Return Garnished Assets Back to Defendant [ECF No. 88], Defendant's *pro se* Motion for Reconsideration of Order Denying Modification of Restitution Payment Schedule [ECF No. 102], and Defendant's *pro se* Motion to Remove Mr. Kawa Foad and Represent Himself *Pro Se* and Modify Conditions of Supervised Release [ECF No. 105]. The Court has reviewed the Motions, the Government's responses in opposition [ECF Nos. 92, 103, and 107], Defendant's replies in support [ECF Nos. 96, 104, and 108], and pertinent portions of the record and is otherwise fully advised. For the reasons stated herein, the Motions are **DENIED**.

**I.    Motion to Return Garnished Assets**

      Defendant argues that the Government wrongly garnished his Roth IRA to pay restitution while he was incarcerated. (*See generally* [ECF No. 88]). However, as noted by the Government, the restitution order specifically states that the payment schedule listed "do[es] not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations." (*See* Amended Judgment [ECF No. 57] 6). Defendant's Roth IRA account is not exempt from enforcement, and Defendant does not present legal authority that claims otherwise.

CASE NO. 22-20296-CR-MARTINEZ

## II.    Motion for Reconsideration

Defendant asks this Court to reconsider its order denying Defendant's motion to modify restitution payment schedule and to address pattern of probation officer escalation [ECF No. 101]. (*See generally* ECF No. 102]). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quotation marks and citation omitted); *see Williams v. QuikTrip Corp.*, 817 F. App'x 743, 747 (11th Cir. 2020) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." (alterations omitted)). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotations omitted). Parties "cannot use a . . . motion [for reconsideration] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Defendant fails to meet the legal standard for reconsideration. The Court's Order [ECF No. 101] is in line with the Amended Judgment entered against Defendant [ECF No. 57]. As such, there is no legal or factual error to correct. Moreover, Defendant raises arguments that could have been raised in his original motion, which is inappropriate for a motion for reconsideration. (*See* [ECF No. 102]).

CASE NO. 22-20296-CR-MARTINEZ

### III.    Motion to Remove Attorney and Modify Conditions of Supervised Release

Defendant asks the Court to remove Mr. Kawa Foad as his attorney of record and allow him to proceed *pro se*. (*See generally* [ECF No. 105]). The Court will not remove Mr. Foad, as Mr. Foad must file a motion to withdraw to be removed as the attorney of record. S.D. Fla. L.R. 11.1(d). Defendant also asks the Court to modify the conditions of his supervised release to allow him to travel between the Southern and Middle Districts of Florida. (*See id.*). Defendant argues that St. Lucie County borders the Middle District of Florida, and a "wrong turn" could cause him to accidentally violate his supervised release. (*Id.* 2). However, St. Lucie County does not border the Middle District of Florida. As this is the only argument presented by Defendant, the request to modify his travel conditions is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Joshua David Nicholas's *pro se* Motion to Return Garnished Assets Back to Defendant **[ECF No. 88]**, Defendant's *pro se* Motion for Reconsideration of Order Denying Modification of Restitution Payment Schedule **[ECF No. 102]**, and Defendant's *pro se* Motion to Remove Mr. Kawa Foad and Represent Himself *Pro Se* and Modify Conditions of Supervised Release **[ECF No. 105]** are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2 day of February 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:    Joshua David Nicholas, *pro se*
       all counsel of record