UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20296-MARTINEZ

UNITED STATES OF AMERICA

Plaintiff,

v.



JOSHUA DAVID NICHOLAS

Defendant,

_____/

## Motion to Reconsider Ruling in ECF 11 for Garnished assets in ECF 88

COMES NOW, Defendant, Joshua David Nicholas, *Pro Se*, stating the following:

On 2/2/2026 Judge Martinez made an omnibus decision to DENY Mr. Nicholas's motion to return garnished assets in **ECF 88**. However, in so doing the order never addressed nature of **18 § 3664(k)** and it misapplied the prior restitution order in **ECF 48.** In **ECF 48** the government's application of the order was made

by cherry picking what parts of the order it wanted to cite and what parts to ignore. Furthermore, the order states [*Mr. Nicholas SHALL pay 0.00 while incarcerated*]. It is undisputed that Mr. Nicholas was incarcerated at that time the assets were garnished. Yet, Mr. Nicholas was never properly served or given an opportunity to contest the illegal garnishment which raises **4th and 14th amendment** violations. Lastly, the court order directly contradicts the 10th Circuit of Appeals in ***USA v Martinez 812 F.3D 1200 ( 2015)***. Should this court fail to align itself with the 10th circuit of appeals this motion will certainly be brought before the 11th circuit of appeals to determine whether or not the 11th circuit of appeals would contradict the 10th circuit of appeals. If so, this action would be brought forth before the Supreme Court so that the appeals courts can align themselves.

In **ECF 111** the court made the following determination citing the legal standard for reconsideration. 1) an intervening change in controlling law. 2) availability of new evidence. 3) to prevent manifest injustice. 1 and 2 do not apply. However, 3 does. Should the court fail to act manifest injustice will result. Any argument not made could be cured with a subsequent motion to return garnished assets. However, such an action would only be an inefficient use of judicial resources. The Supreme Court already determined in **Arizona v California, 460 U.S. 605,619 (1983)** "*Judicial economy requires that courts resolve issues that will*

*inevitably require resolution again*." Therefore, should the court defer to procedure rather than address the merits it is also violating binding precedent from the Supreme Court. Finally, the court contradicted itself. (That technically provides new evidence which satisfied 2 in the legal standard for motion to reconsider). In **ECF 110** the court granted the agreed upon motion where the US Probation office and Mr. Nicholas both agreed to modify the restitution payment schedule to 500.00 a month. However, more importantly, the order cites that Mr. Nicholas was only in arrears roughly 2 thousand dollars. (That is now current) So if the judge signed off and agreed that Mr. Nicholas was only 2 thousand dollars behind on Feb 2nd 2026 then why would the judge also rule for garnishment of 60 thousand dollars in 2023? In 2023 the judge's own order states that the amount owed at that time was zero. Mr. Nicholas agrees with the government that the government has next to unlimited resources to collect whatever money is due. However, of the 3.4 million only zero was due at that time. Furthermore, in **ECF 37** the government did not list a single asset Mr. Nicholas had that was traceable to the offense and/or otherwise subject to forfeiture or garnishment. The government knew of Mr. Nicholas's Roth IRA years for years before they garnished it. If it was subject to garnishment, used to satisfy a debt currently due, or traceable to the offense why didn't the government just garnish the asset then? Instead, the judge ignored the very essence of the order that he himself signed. (*Emphasis added*). There is basically no limit to

what the government can do to enforce restitution for the part that is due. But anything beyond that is illegal overenforcement per the statute and binding precent in the 10th circuit. In the judge's own orders, he is contradicting not only the **18 § 3664(k)** statute, 10th circuit of appeal, but also himself. Therefore, judicial efficiency as mandated by the Supreme Court, demands immediate return of the garnished assets.

In Summary, the government had the opportunity to identify what assets were subject to garnishment. They identified zero assets. Then years later when the order plainly states [*restitution is zero while incarcerated*] decided to illegally over enforce the restitution order. To justify their actions the government points to the language saying [*government has unlimited ability to enforce the order*]. But the government and the court wrongly interpreted how the restitution order works. The payment schedule at that time was 10% of income AFTER incarceration was over. After incarceration the court just changed it to 500/month. But just like a mortgage payment – just because you buy a house for say 3.4 million that doesn't mean the whole thing is due at once. Traditionally, you get to break it into 360 payments and the note holder can't garnish your home just because you only made 2 or 3 out of the 360 payments. The remaining 3.3 million will still be due but not that that time.

The language and function of the restitution order is almost identical to that of a traditional mortgage. As such,

The court should **ORDER** immediately for the government to return the garnished assets from the Roth IRA in the amount $ 71,638.61

Respectfully submitted,

JOSHUA DAVID NICHOLAS

By: /s/ Josh Nicholas

3116 S Kanner Hwy Stuart, FL 34994

772-380-7618 (Cell)

Joshuadavidn94@gmail.com

## Certificate of Services

I hereby certify that on 2/2/2026 I emailed this document to lorinda.laryea@usdoj.gov, Mitchell.Hyman@usdoj.gov , sara.hallmark2@usdoj.gov , yisel.valdes3@usdoj.gov , and danielle.croke@usdoj.gov who are listed at Plaintiff in this case that are not terminated.

949357X61X50XPRI
Josh Nicholas
3116 S Kanner Hwy
STUART, FL 34994

1**************************SNGLP 480

US District Court - Clerk of Court
Wilkie D. Ferguson, Jr.
400 N Miami Ave RM 8N09
Miami, FL 33128-1805



REC'D BY _____ D.C.

FEB 1 0 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Presorted
First-Class Mail
U.S. Postage Paid
C2M LLC
22202