**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20296- MARTINEZ**

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.

JOSHUA DAVID NICHOLAS,

    Defendant,

_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION**
**OF RULING ON ECF NO. 11 FOR GARNISHED ASSETS IN ECF 88**

Plaintiff, the United States of America, by and through the undersigned Assistant United States Attorney, hereby responds in opposition to Defendant's Motion for Reconsideration of Ruling on ECF No, 11 for Garnished Assets in ECF 88. In support thereof, the United States asserts the following:

## I.    FACTUAL BACKGROUND

1. On November 28, 2022, a Judgment was imposed against the Defendant for his conviction for conspiracy to commit securities fraud in violation of 18 US.C. § 371 sentencing him to 51 months imprisonment followed by three (3) years of supervised release and restitution to be determined. ECF No. 48. On March 6, 2025, an Amended Judgment in a criminal case was entered requiring the Defendant to pay restitution in the amount of $3,379,527.18 and leaving all other terms intact. ECF No. 57. To date, a total of $76,636.61 has been received and credited toward the judgment. However, the debt remains unsatisfied.

2.      On January 17, 2025, the Defendant filed a Motion to Return Garnished Assets back to Defendant arguing that the government improperly garnished the assets while he was incarcerated.  See ECF No. 88.

3.      On January 31, 2025, the United States filed a Response in Opposition to the Motion to Return Garnished Assets arguing that the assets were properly garnished because they were not exempt from garnishment and the United States was not precluded from using other assets or income of the defendant beyond the restitution payment schedule to satisfy restitution.  See ECF No. 92.

4.      On February 2, 2026, this honorable Court entered an Omnibus Order denying the Defendant's Motion to Return Garnished Assets, among other things.  See ECF No. 111.

5.      On February 10, 2026, the Defendant filed the instant Motion to Reconsider Ruling on ECF No. 11 for Garnished Assets in ECF No. 88.  ECF No.  112

## II.      **LEGAL ARGUMENT**

"'Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'" *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (*quoting Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)); *Seff v. Broward Cnty.*, No. 10-61437, 2011 WL 13111723, at *1 (S.D. Fla. Aug. 19, 2011). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through – rightly or wrongly.'" *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla.

1992) (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)); ." *Am. Univ. of Caribbean, N.V. v. Carital Healthcare, Inc.*, No. 08-20374, 2011 WL 13174780, at *1 (S.D. Fla. Mar. 17, 2011). "A motion for reconsideration is 'committed to the sound discretion of the district judge.'" *Garcon v. United Mut. of Omaha Ins. Co.*, 779 Fed. Appx. 595, 600 (11th Cir. 2019) (citations omitted).

With the instant motion the Defendant seeks reconsideration of the Court's Omnibus Order denying his Motion to Return Garnished Assets (ECF No. 112).   Defendant argues for reconsideration, "to prevent manifest injustice."   *Id*.   Courts in the Eleventh Circuit have substantial discretion when presented with a motion to reconsider premised on manifest injustice. *Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 698 (M.D. Ala. 1995) (internal citations omitted).   "[A] manifest injustice analysis requires a 'fact-specific' analysis that resides in the discretionary authority of the reviewing court." *Salinas v. Hart*, no. 15-167-HRW, 2020 WL 1560061, at *3 (E.D. Ky. Apr. 1, 2020). "The movant must be able to demonstrate that the underlying judgment caused them some type of injustice which could be avoided if the judgment were reconsidered. Essentially, the movant must be able to show that altering or amending the underlying judgment will result in a change in the outcome in their favor." *Harris v. Perry*, No. 2:12-CV-02668-STA-dkv, 2016 WL 5396701, at *3 (W.D. Tenn. Sept 27, 2016) (citations omitted).

Here, the Defendant is raising new arguments that could have been made in the original motion and were not, which does not justify reconsideration.   He is also not presenting new evidence or presenting a change in the law that would warrant reconsideration.   In actuality, the defendant is merely asking the Court to rethink what the Court already thought through.   And, that is not the purpose of a motion for reconsideration. There is no manifest injustice that has resulted

3

from the Defendant's assets that are subject to his restitution judgment, being garnished to be applied to the outstanding debt.

WHEREFORE, for the foregoing reasons, the undersigned respectfully requests this honorable Court to deny the Defendant's Motion for Reconsideration of Ruling on ECF No. 11 for Garnished Assets in ECF No. 88

Respectfully submitted,

**JASON REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By: /s *Danielle N. Croke*
     Danielle N. Croke
     Assistant U.S. Attorney
     Florida Bar No. 0723258
     500 S. Australian Ave., 4th Floor
     West Palm Beach, FL  33402
     Telephone No.  (561) 2091-1035
     Fax No. (561) 655-9785
     E-mail: Danielle.Croke@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this   20th   day of February, 2026 I electronically filed and e-served the foregoing document with the Clerk of the Court using CM/ECF.

/s *Danielle N. Croke*
Danielle N. Croke
ASSISTANT UNITED STATES ATTORNEY

4