UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20296-CR-MARTINEZ

UNITED STATES OF AMERICA,

v.

JOSHUA DAVID NICHOLAS,

Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Joshua David Nicholas's *pro se* Motion to Reconsider Ruling in ECF 11 for Garnished Assets in ECF 88 [ECF No. 112]. The Court has reviewed the Motion, the Government's Response [ECF No. 113], and pertinent portions of the record and is otherwise fully advised. For the reasons stated herein, the Motion is **DENIED**.

On January 17, 2025, Defendant filed a Motion to Return Garnished Assets [ECF No. 88], arguing that the Government wrongfully garnished his Roth IRA to pay restitution while he was incarcerated. On February 2, 2026, the Court denied the motion, emphasizing that Defendant's Roth IRA account is not exempt from enforcement. (*See* [ECF No. 111]). Defendant now moves for reconsideration "to prevent manifest injustice." (Mot. 2).

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quotation marks and citation omitted); *see Williams v. QuikTrip Corp.*, 817 F. App'x 743, 747 (11th Cir. 2020) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." (alterations

omitted)). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotations omitted). Parties "cannot use a . . . motion [for reconsideration] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Defendant fails to meet the legal standard for reconsideration. The Court's Order [ECF No. 111] contains no legal or factual error for the Court to correct. Moreover, Defendant raises arguments that could have been raised in his original motion, which is inappropriate on a motion for reconsideration. (*See* [ECF No. 88]). Defendant also fails to identify a manifest injustice resulting from the garnishment of his assets subject to his restitution judgment. (*See generally* Mot.). Accordingly, it is:

**ORDERED AND ADJUDGED** that Defendant Joshua David Nicholas's *pro se* Motion to Reconsider Ruling in ECF 11 for Garnished Assets in ECF 88 **[ECF No. 112]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 23 day of February 2026.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:    Joshua David Nicholas, *pro se*
       all counsel of record

2